Submitted on briefs July 7, affirmed July 27, 1972

In the Matter of Charles Oakley Fowler, a Child.
STATE OF OREGON ex rel JUVENILE DEPART-
MENT OF COOS COUNTY, *Respondent, v.*
CHARLES OAKLEY FOWLER, a child
(No. 7434), *Appellant.*

499 P2d 1348

Harry A. Slack, Jr., Coquille, filed the brief for appellant.

No appearance by respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

The subject juvenile, aged 16, has appealed from an order committing him to the Children's Services Division for placement at MacLaren School for Boys. Previous to the incident which led to the commitment he had been made a ward of the court because he was found guilty of charges of unauthorized use of a vehicle, and an assault. From the record before us we note that previous to those charges he had been referred to the juvenile court for running away from home, malicious destruction and theft of personal property, and assault while armed with a knife. The last previous charge (assault) resulted in a commitment to MacLaren School on March 20, 1972 with the execution of the order suspended for 90 days. The charge leading to the instant order was another alleged assault upon a Mrs. Daniels on April 3, 1972; counsel was appointed at public expense and the hearing was held on April 10. The commitment order was filed and different counsel for appeal was appointed at public expense on April 17. The notice of appeal was filed April 18. The only question involved in this appeal is whether the evidence justified the order.

It appears that the juvenile and three others were being transported in a vehicle by his mother when his mother accosted two women acquaintances walking down the street and said she wanted to talk to them. She parked the vehicle and a shouting match ensued, embellished by accusations and obscenities. One of the other women approached the vehicle and commenced calling the subject and another juvenile in

the car some obscene types of liars. In her testimony she contended that she remained outside the car to do her shouting but the subject juvenile and others inside the car said she poked her head through the window. She said the subject juvenile struck her in the mouth and he and his companions said they thought she bumped her mouth on the window when he was pushing her out. Her mouth was cut inside, and bleeding. Her story was substantiated by that of her companion. The way the allegedly assaulted woman described the striking was:

"A   Then he says, 'Don't you holler in my ear.' And I told him, 'Well, if you can pinch my cheek, I can holler in your ear.' Then he hit me.

"*   *   *   *   *

"A   Well, yeah. He told me—he said, 'Go away.' He said, 'My mom's got a gun right here underneath the seat and she'll shoot you.' I mean—"

In her testimony his mother agreed that she carries, and had, a gun in the vehicle. The court after hearing all the testimony found:

"*   *   * I'm satisfied beyond a doubt that he did strike her in the mouth with his fist. It is wholly unbelievable that a person being pushed on the shoulder would cut the inside of their mouth by being—by moving backward. A human being isn't built that way.

"It is a small matter, but I extended myself further than I should have the last time by withholding sending him to MacLaren for 90 days. I now vacate the stay of execution and require him to be sent immediately."

The juvenile's counsel argues that the evidence was not sufficient for a finding of guilt beyond a reasonable doubt, and that the juvenile was a victim of

the situation his mother placed him in, anyway. The trial judge believed the version of the accuser, with good reason. The commitment is more than justified.

Affirmed.